**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Southern Division)**

| | |
|---|---|
| DAVID B. FALK<br>6801 Hillmead Road<br>Bethesda, Maryland 20817<br>(Montgomery County)<br><br>    *Plaintiff,*<br><br>v.<br><br>JEFFREY LYNN GREEN<br>9500 SW 61st Court<br>Pinecrest, Florida 33156<br><br>    *Defendant.* | CIVIL ACTION NO. _____ |

**NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, and Local Rule 103.5, Defendant Jeffrey Lynn Green ("Defendant"), by undersigned counsel, hereby removes the state court action captioned *David B. Falk v. Jeffrey Lynn Green*, Civil Action No. C-15-CV-24-001969 (the "State Court Action"), from the Circuit Court for Montgomery County, Maryland (the "Circuit Court") to the United States District Court for the District of Maryland, Southern Division. In support of this Notice of Removal, Defendant states the following:

**TIMELINESS OF REMOVAL**

1. On April 25, 2024, Plaintiff David B. Falk ("Plaintiff") commenced this civil action by filing a Complaint in the State Court Action. *See* **Exhibit A; Exhibit B**.

2. On May 6, 2024, Defendant was served a copy of the Complaint and Writ of

Summons at his home in Pinecrest, Florida[1].  *See* **Exhibit C**.

3. This Notice of Removal is timely filed within 30 days after service on Defendant. 28 U.S.C. § 1446(b)(1).

## DIVERSITY JURISDICTION

4. As established herein, this Court has jurisdiction over Plaintiff's claim because the action presents a dispute between citizens of different States, where the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.  28 U.S.C. § 1332(a)(1).

5. Accordingly, this case is removable under 28 U.S.C. § 1441(a).

### DIVERSITY OF CITIZENSHIP

6. Plaintiff is a natural person domiciled in Bethesda (Montgomery County), Maryland.  At the time the Complaint was filed, and at the time of removal, Plaintiff was (and currently is) a citizen of the State of Maryland.  *See* **Exhibits A, B** (Compl. ¶ 2 and Case Caption).

7. Defendant is a natural person domiciled in Pinecrest, Florida.  At the time the Complaint was filed, and at the time of removal, Defendant was not (and currently is not) a citizen of the State of Maryland; rather, consistent with Plaintiff's service on Defendant in Florida, Defendant is a citizen of the State of Florida.  *See* **Exhibits A, B** (Compl. ¶ 3 and Case Caption) and **Exhibit C**.

---

[1] Plaintiff included Defendant's full Social Security Number (the "PII") in an attachment to his Complaint.  In turn:
- On May 10, 2024, counsel for Defendant conferred with counsel for Plaintiff regarding Plaintiff's inclusion of Defendant's PII in the publicly filed Complaint, and requested Plaintiff immediately redact or otherwise seal the attachment containing Defendant's PII.  In response, Plaintiff's counsel requested the Circuit Court to "line seal" the PII on the same day.
- On May 12, 2024, Plaintiff filed a Motion to Seal the attachment to the Complaint, with a Proposed Order regarding the same.
- On May 17, 2024, in order to stay abreast of this PII issue, undersigned attorney Michelle N. Lipkowitz entered her appearance in the State Court Action as counsel of record for Defendant.
- Defendant has not yet responded to the Complaint, and no other proceedings have occurred.

8.   Thus, under 28 U.S.C. § 1332(a), complete diversity of citizenship exists between the parties, as Plaintiff and Defendant are not citizens of the same state.

## AMOUNT IN CONTROVERSY

9.   Plaintiff's Complaint identifies an amount in controversy well in excess of $75,000.00.[2]  *See* **Exhibit A** (Compl. ¶¶ 61-63).

10.  Thus, this action satisfies the amount in controversy requirement as it exceeds $75,000, exclusive of interest and costs.  28 U.S.C. § 1332(a)(1).

## CONCLUSION

11.  Because Plaintiff and Defendant are citizens of different states, and the amount in controversy in this civil action exceeds the sum of $75,000.00, exclusive of interest and costs, this Court has original diversity jurisdiction.  28 U.S.C. § 1332(a)(1).

12.  Removal of the State Court Action to the United States District Court for the District of Maryland, Southern Division, is proper because the District of Maryland, Southern Division, embraces Montgomery County, the place where the State Court Action is pending.  28 U.S.C. §§ 100, 1441(a) and 1446(a).

13.  Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served on Defendant in this action are attached hereto as **Exhibits A-G.**[3][4]

---

[2] Plaintiff alleges entitlement to monies belonging to Defendant, by contract.  To abide by the contract's express confidentiality provision, Defendant is not including the exact amount in controversy in this Notice of Removal.  Accordingly, Defendant is filing an unredacted copy of Plaintiff's Complaint, under seal, as **Exhibit A**.  Additionally, Defendant is attaching a redacted copy of Plaintiff's Complaint as **Exhibit B**.  Defendant is contemporaneously seeking an Order sealing **Exhibit A**.

[3] **Exhibit A**: Complaint (unredacted copy filed under seal)
  **Exhibit B**: Redacted copy of Complaint (to shield Defendant's PII and confidential contract)
  **Exhibit C**: Writ of Summons
  **Exhibit D**: Plaintiff's Motion to Seal the attachment to the Complaint ("Motion to Seal")
  **Exhibit E**: Plaintiff's proposed Order on the Motion to Seal
  **Exhibit F**: Michelle N. Lipkowitz's Entry of Appearance in the State Court Action
  **Exhibit G**: Affidavit of Service

[4] A copy of the state court docket sheet is not publicly available as a result of Plaintiff's Motion to Seal.

14. Pursuant to 28 U.S.C. § 1446(d), promptly after filing this Notice of Removal, Defendant will provide written notice of the Notice of Removal to Plaintiff, and file a copy of the Notice of Removal with the Clerk of the Circuit Court.[5]

15. By filing this Notice of Removal, Defendant does not waive any defenses and/or objections, and specifically reserves the right to assert any and all defenses and/or objections to which he may be entitled. Defendant intends no admission of fact, law, or liability by filing this Notice of Removal, and expressly reserves all defenses, motions, and/or pleas to Plaintiff's claims.

**WHEREFORE**, Defendant Jeffrey Lynn Green hereby removes the State Court Action to this Court, and requests that this Court proceed, pursuant to 28 U.S.C. §§ 1441 and 1447, as well as any other applicable law.

DATED: June 5, 2024

Respectfully submitted,

*/s/ Michelle N. Lipkowitz*
Michelle N. Lipkowitz
(CPF No. 0212180016)
**MINTZ, LEVIN, COHN, FERRIS, GLOVSKY AND POPEO, P.C.**
555 12th Street, NW
Suite 1100
Washington, DC 20004
Telephone: (202) 434-7448
Fax: (202)-434-7400
MNLipkowitz@mintz.com

*Attorney for Defendant Jeffrey Lynn Green*

---

[5] A copy of Defendant's Notice of Filing of Notice of Removal, without attachments, which will be promptly filed with the Clerk of Court for the Circuit Court for Montgomery County Maryland is attached hereto as **Exhibit H**.

- 5 -

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 5th day of June 2024, I electronically filed the foregoing **Notice of Removal** with the Clerk of Court using the Pacer/ECF system, and served on the following counsel of record via Pacer/ECF and First Class Mail:

Peter L. Goldman
12505 Park Potomac Ave.
7th Floor
Potomac, Maryland 20854
(703) 684-6476 (o)
(240) 401-4973 (c)
Pgoldmanatty@aol.com

                                */s/ Michelle N. Lipkowitz*
                                Michelle N. Lipkowitz